WILEY S. SCRIBNER ET AL.

v.

SAMUEL B. CHASE ET AL.

*Recorders—Control of Original Instruments and Books—Right to Make Abstracts—County Commissioners—Resolution—Injunctions.*

1. Prior to the acts of May 31 and June 16, 1887, persons engaged in the business of making abstracts of title to real estate were not entitled to have access to original instruments and to books of records in the recorder's office, to make abstracts thereof for purposes of their business.

2. This court is of the opinion that a resolution of the board of commissioners of Cook County, directing the recorder to deny the use of his office to all abstract firms, companies and corporations, for the purpose of making abstracts, was unauthorized and void.

[Opinion filed June 13, 1888.]

APPEAL from the Superior Court of Cook County, the Hon. HENRY M. SHEPARD, Judge, presiding.

This was a bill in chancery brought February 25, 1886, by appellees, composing the firm of Handy & Company, who were engaged in the business of keeping an abstract office and furnishing to customers and patrons, for hire or reward, abstracts of title to real estate situate in the county of Cook, against the appellant Scribner and the other appellants comprising the individual members of the board of county commissioners in and for said county, for an injunction. The bill, after setting out in detail the nature of complainants' business, alleged that on February 17, 1886, said recorder caused them to be served with the following copy of a notice:

"COOK COUNTY RECORDER'S OFFICE. }
"February 17th, 1886.        }

"MESSRS. HANDY & Co.

"*Gentlemen:* The board of commissioners of Cook County, at its regular session, held on Monday, February 15, 1886, having adopted the following resolution, to wit:

Scribner v. Chase.

"*Resolved*, that the recorder of deeds be and is hereby directed to deny to all abstract firms, companies and corporations, the privilege of using the recorder's office for the purpose of advancing their private business.

"Now, therefore, in compliance with said resolution, and as I am by law entitled and empowered to do, I hereby give you notice that it will be necessary for you on or before Saturday, February 27, 1886, to withdraw from this office the force of men here employed by you in making copies or abstracts from the original instruments and records of this office, and that from and after that date I shall be compelled to deny access to the original instruments and records of this office to all parties desiring to make copies or abstracts of the same for speculative purposes or for their own private gain.

"Very respectfully yours,
"WILEY S. SCRIBNER,
"Recorder of Deeds."

The bill set out a claim of absolute legal right on the part of complainants to have their clerks, employes and agents, to occupy at all such times as should be convenient to them, such portions of the recorder's office as was necessary for the purpose, and to use and handle all original instruments left in said office for record as well as all books of records pertaining to real estate in said county, without hindrance or interference on the part of said recorder, in order that complainants might continue their tract indices and abstract books kept in their office for the purposes of their business as aforesaid. It alleged an intention on the part of the defendants to deprive complainants of that right, and irreparable damages which they would suffer in consequence, and prayed for an injunction against the defendants to restrain them from denying access to such original instruments or record books or interfering with such clerks, etc., in making use of, handling or abstracting the contents of such originals or records, and that such injunction be made perpetual. Upon hearing on pleadings and proofs the following decree was entered, from which defendants appealed:

"This cause having come on to be heard upon the amended

bill of complaint, the answer of the defendants thereto, and the replication of the complainants to such answer, and the proof, oral and documentary, taken in open court in said cause, and having been argued by counsel for the respective parties, the court upon due consideration thereof doth find that the material allegations of said amended bill of complaint are true and that the equities of this cause are with the complainants, and thereupon it is ordered, adjudged and decreed, and the court doth hereby order, adjudge and decree that the said defendant Wiley S. Scribner, recorder of deeds of Cook County, and his successors in office, and his and their deputies, clerks, employes, agents and servants, and the said defendants, Christian Casselman, Peter Fortune, Christian Geils, John Hannigan, Henry Hemmelgarn, M. R. Leyden, C. F. Lynn, F. A. Mac-Donald, R. S. McClaughrey, James J. McCarthy, Frank Neisen, R. M. Oliver, John E. Van Pelt, Daniel J. Wren, George Klehm, board of county commissioners of Cook County, and their successors in office, and their deputies, clerks, employes, agents and servants, be, and they, and each and every one of them, are hereby perpetually enjoined and restrained from excluding from the office of the recorder of deeds of Cook County, the said complainants, or any of them, or their clerks, or employes, and from denying to the said complainants, or any of them, or their clerks or employes, access to the original instruments filed in said office, and the records and record books in said office, and from interfering with the said complainants, their clerks or employes, or any of them, in making use of, handling and abstracting the contents of said original instruments and records in the same manner as they have heretofore used, handled and abstracted such original instruments and records, and from interfering with or in any manner hindering the said complainants, or any of them, or their clerks or employes, from examining all the original instruments filed for record in said office, and from taking such memoranda thereof as may be necessary to make up original entry sheets, and to verify the same as they have heretofore done. But this decree shall not be construed to prevent the recorder of deeds from changing the method or

manner of conducting the business of his office, when required by the public interests, such changes to apply to all persons alike without discrimination.    It is further ordered, adjudged and decreed that the complainants recover of the defendants their costs to be taxed by the clerk."

Mr. J. L. HIGH, for Wiley S. Scribner, appellant.

At common law no person was entitled to an inspection of records of a public or *quasi* public nature, unless some personal or property right of the person seeking such inspection was involved.    King v. Lucas, 10 East, 235; King v. Tower, 4 Maule & S. 162; King v. Justices of Staffordshire, 6 Ad. & El. 68; King v. Allgood, 7 T. R. 746; Rex v. Merchant Tailors Co., 2 Barn. & Ad. 115; Crew v. Saunders, 2 Strange,1005; Ex parte Hutt, 7 Dowling's Pr. Rep. 690; Hereford v. Bridgewater, Bunb. 269; Attorney-General v. Coventry, Bunb. 290; Ex parte Briggs, 1 Ell. & Ell. (E. C. L.) 881; King v. Clear, 4 Barn. & Cress. (E. C. L. R. 10), 899.

The courts will not by mandamus or injunction compel a recorder of deeds, or clerk of a court of record, to submit his records to be examined or abstracted by persons engaged in the business of furnishing abstracts of title for private gain, such persons having no interest in the property in question. Webber v. Townley, 43 Mich. 534; Bean v. People, 7 Colo. 200; Buck v. Collins, 51 Geo. 391; United States v. Anderson, United States Circuit Court, District of Indiana, unreported.

To the same effect see also In re McLean, 9 Cent. Law Jour. 425; Brewer v. Watson, 71 Ala. 299.

Mr. WILLIAM LAW, JR., for board of county commissioners, appellant.

Mr. MELVILLE W. FULLER, for appellees.

Nothing is better settled than that a municipal corporation can not enact ordinances that are unreasonable and oppressive, or such as will create a monopoly.    Tugman v. Chicago, 78 Ill. 405; Chicago v. Rumpff, 45 Ill. 90; Bloomington v. Wahl, 46 Ill. 489.

An unreasonable ordinance is void. 8th Coke, 126; Dunham v. Rochester, 5 Cow. 465; Commissioners v. Gas Company, 12 Pa. St. 322. "A by-law must be reasonable though made in pursuance of an express power, or it will be void." Kennebec R. R. Co. v. Kendall, 31 Maine, 477. "If by-laws are unequal in their operation they will be void." Boston v. Shaw, 1 Metcalf, 130, 135; Mayor of Hudson v. Thorne, 7 Paige, 263; Mayor of Columbia v. Beasley, 1 Humphrey, 241; Mayor of Memphis v. Winfield, 8 Humphrey, 707, 709.

Inasmuch as the object of the resolution in question and its effect, if carried out, was and would be to create a monopoly in the abstract business, it was utterly void, and as the effort of the recorder to put it in operation would result in irremediable injury to the complainants, they were entitled to the preventive interposition of a court of equity.

Access to the records of deeds, mortgages, etc., is the absolute right of every citizen in relation to his own property, or property whose owners he represents.

And since deeds, mortgages and other instruments of writing, authorized to be recorded, take effect and are in force from and after the time of filing the same for record, and the evidence establishes that such documents can not, in fact, be spread upon the records until weeks after they are filed, access to the originals can not be denied.

The argument *ab inconvenienti* has no application, for a public official can not be allowed in this country to complain that it is inconvenient for him to allow the dissemination of the information his office was created to impart.

Judge Dillon in his work on Municipal Corporations says, Sec. 240: "Every corporator has a right to inspect all the records, books and other documents of the corporation upon all proper occasions; and if upon application for that purpose the officer who has the custody refuse to show them, the court will grant a mandamus to force his right. When the corporator's application to inspect is founded on his general right he has a mandamus, but when it is founded on a suit pending he obtains a rule." See People v. Cornell, 47 Barb. 329; Herbert v. Ashburners, 1 Wilson, 297.

In Townsend v. Register of Deeds, 7 How. Pr. 413, it was held that any person so desiring had a right to examine the books of record, without charge, and this would be accorded not as a privilege, nor as a favor, but as a matter of absolute right. In State v. Williams, 41 N. J. 332, the English cases are considered at length, and it is said : "It seems, therefore, to be sufficient if the person seeking inspection has such an interest in a specific controversy as will enable him to maintain or defend an action for which the public documents will furnish competent evidence or necessary information. Nor is it essential that his interest should be private, capable of sustaining a suit or defense on his own personal behalf. It will justify his demand for inspection, if he may act in such suit as a representative of a common or public right."

The evidence establishes, and it will not be denied, that all real estate transactions in the county of Cook, selling, borrowing, etc., have been for years conducted upon the basis of these abstracts of title, and that the entire business community reposes upon this system, which has obtained for so long a time that the present generation can not remember to the contrary.

The attempt by action under the resolution in question to put an end to complainants' business is destructive of the fruits of the uninterrupted labor of fourteen years, since the fire, and subversive of the public interests, not only furthered by but absolutely based upon the system, which has subsisted for thirty-four years.

That the continuation of the existing abstracts of title is of public concern is sufficiently apparent from the evidence, and is expressly recognized as such by the "Act to remedy the evils consequent upon the destruction of any public record, by fire or otherwise," (Hurd's Rev. Stat. 1881, 877,) by section 23 of which the business is largely regulated.

Threatened with special injury, the complainants can in their own names vindicate the public interests. Chicago v. Un. Build'g Asso., 102 Ill. 379.

Messrs. Goudy & Green, also for appellees.

McALLISTER, J.   The transactions in question took place, and the bill in this case was brought, before the statutes concerning recorders and the inspection of records in the office of the former, approved respectively May 31 and June 16, 1887, were passed. (Sess. Laws, 1887, p. 256, 258.) Consequently, the provisions of those acts can have no application to this case, and it must be decided upon the law as it stood at the time of bringing the suit.   The question therefore is, were the complainants entitled, as a matter of legal right, to have access to the original instruments left in the custody of the recorder for the purpose of having them recorded, and to books of records in the office, and to handle, use and make abstracts of them, for the purposes of their business, without interference or hindrance on the part of the recorder of deeds?   There is nothing in the statute relative to recorders of deeds, as it then existed, which gives the least color to any such claim.   By such statute, the oath for the faithful discharge of his duties, Sec. 22, requires him to give a bond with sufficient security in the penal sum of $20,000, and prescribes the condition of that bond, which shall be "for the faithful discharge of his duties, and to deliver up all papers, books, records and other things appertaining to his office, whole, safe and undefaced, when lawfully required so to do." 2 Starr & C. Ill. Stat. p. 1984. That provision is a plain, indisputable, legislative recognition of the common law rules applicable to such officer and his duties, to the effect, that by virtue of his office he becomes the legal custodian of all papers, books and records appertaining to his office, and is responsible for their preservation from injury, alteration, mutilation, defacement or safekeeping.

Now, can it be maintained that the law is so unreasonable as to charge a public officer with such duties and responsibilities, but deny to him the power, control and discretion, as to the subject-matter, necessary to his protection?   The question is not new in the courts of this country.   It has arisen and been decided in various courts of the highest respectability, against the claim set up here, in cases that can not be distinguished from this case with regard to the reasons and principles governing their decision.   Webber v. Townly, 43 Mich.

534; Bean v. People, 7 Col. 200; Buck v. Collins, 51 Ga. 391; Cormack v. Wolcott, Register, 37 Kan. 391.

The effect of the decree in this case is to divest the recorder of the power conferred upon him by the law, of exercising a reasonable discretion in the care, management and government of his office, and the preservation of original deeds, books and records, confided to his custody. The decree is, for that reason, unauthorized by law, and manifestly erroneous. The Title Guarantee Trust Co. v. Reilly, Register, 38 Hun, 429; The German-American Loan & Trust Co. v. Richards, Register, 99 N. Y. 620.

The resolution of the board of county commissioners, embodied in the notice given by the recorder to complainants, and set out in our statement of the case, was, in our opinion, unauthorized and void. And it seems to us that the only decree to which the complainants were entitled, would have been a decree declaring such resolution void and restraining defendants from attempting to carry it into effect.

The decree of the court below will be reversed and the cause remanded, for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*