[Randolph v. State, ex rel. Collier, Pinckard & Gruber.]

# Randolph *v.* The State, *ex rel.* Collier, Pinckard *&* Gruber.

*Mandamus to Probate Judge, in matter of Examination of Records for Abstract of Titles.*

1. *Public records of probate office; right to examine, take copies, and make abstract of titles.*—By statutory provision, "the records of the judge of probate's office must be free for the examination of all persons, when not in use by him" (Code, § 698); and this confers the right of free examination of the records, by any person having an interest, his agent, or attorney, and the right to take memoranda or copies; but it does not extend to attorneys, or other persons, who are engaged in the business of negotiating loans on mortgages of real estate, and who desire to make an abstract from the records of conveyances, of the titles to all the lands in the county, for future use in their business when required.

APPEAL from the Circuit Court of Montgomery.

Heard before the Hon. JOHN P. HUBBARD.

Application by petition, by Collier, Pinckard & Gruber, attorneys at law and partners, engaged also in negotiating loans on mortgages of real estate in Montgomery, for a *mandamus* to Hon. F. C. RANDOLPH, judge of probate of said county, requiring him to allow petitioners to have access to the records of his office, in order that they might make a complete abstract of the titles to all the lands in the county, for future use in their business. A demurrer to the petition was interposed, but was overruled; and the respondent's answer being deemed insufficient in law, the court sustained a demurrer to it, and awarded a peremptory *mandamus*. The ruling on the demurrers, and the final judgment, are now assigned as error.

BRICKELL, SEMPLE & GUNTER, for the appellant.

TROY, TOMPKINS & LONDON, *contra.*

STONE, C. J.—Relators set forth that they are resident citizens of the county of Montgomery, Alabama, and that they are co-partners in the practice of law, and in negotiating loans to planters and others in said county on mortgages of real estate; that in the conduct of their business in negotiating said loans, it becomes necessary for them to

examine the records of Montgomery county, and to submit to the persons who are to make said loans abstracts of the titles of the property upon which mortgages are to be executed to secure the loans. Upon these grounds, relators claimed the right of inspection of the entire records of conveyances in Montgomery county, and that they be permitted to make abstracts of all the titles to real estate in the county, to enable them to be in a position to submit them without delay, to parties who are willing to make loans upon mortgages of real estate in said county. In other words, the demand was that they be permitted, not only to examine, but to make abstracts of the titles to all the lands in the county ; not that their interest, or that of their clients, extended so far ; but that they might be prepared, should future applications for loans be presented, to furnish abstracts of titles, without delay, and without special examination in each case, as the occasion may arise. The judge of probate denied then the use of the records and of his office for such a purpose, and the present proceedings seek to compel him by *mandamus* to grant them the privilege claimed.

The right to relief is rested on section 698 of the Code of 1876. Its language is: "The records of the judge of probate's office must be free for the examination of all persons, when not in use by him."

Questions similar to the one before us have been heretofore considered by this court.—*Brewer v. Watson*, 71 Ala. 299 ; *Phelan v. State, ex rel.*, 76 Ala. 49. We said : "It is not the unqualified right of every citizen to demand access to, and inspection of the books or documents of a public office, though they are the property of the public, and preserved for public uses and purposes. . . And the individual who claims access to the public records and documents, . . can properly be required to show that he has an interest in the document which is sought, and that the inspection is for a legitimate purpose." Speaking, in another place, of the right of inspection, we said : "The qualification of the rule is, that no person can demand the right save those who have an interest in the record, their lawful agents or attorneys. . . Whether the right extends beyond the mere right of looking at the record, we have found no adjudged case that determines. It would seem, however, that no reasonable argument can be urged, why a person having an interest in the particular tract, or tracts, should be denied the privilege of making, or having made, memoranda for his own use." This last point we did not then decide.

In Michigan there is a statute, containing this clause: " The registers of deeds in this State shall furnish proper and reasonable facilities for inspection and examination of the records and files in their respective offices, and for making memorandums or transcripts therefrom, during the usual business hours, to all persons having occasion to make examination of them for any lawful purpose." In *Webber et al. v. Townley*, 43 Mich. 534, this statute came up for interpretation before the Supreme Court of that State, at a time when Campbell and Cooley, J J., were members thereof. The question was not distinguishable, in principle, from the one we have in hand. In a very strong argument by the Chief-Justice, in which all the justices concurred, the prayer of the relators was denied. And the principle of the ruling was re-affirmed in *Diamond Match Co. v. Powers*, 51 Mich. 145.

Relators rely on *People, ex rel. v. Cornell*, 47 Barb. 329, *People, ex rel. v. Reiley*, 45 N. Y. 429, and *People, ex rel. v. Cady*, 99 N. Y. 620, in support of their views. Properly interpreted, they lend no aid whatever to the relief claimed in this case, as will be seen by an examination of them. The relief prayed in this case ought to have been denied.

We must not, however, be understood as intending to abridge the right, conferred by statute, of "free examination," by all persons having an interest, of the records of the probate judge's office. Nor will we confine this right to a mere right to inspect. He may make memoranda, or copies, if he will, and, to this end, may employ an agent or attorney. The limitation is, that he must not obstruct the officers in charge in the performance of their official duties, by withholding records from them, when needed for the performance of an official function. Nor is this right of examination confined to persons claiming title, or having a present pecuniary interest in the subject-matter. It will embrace all persons interested, presently or prospectively, in the chain of title, or nature of incumbrance, proposed to be investigated. The right of free examination is the rule, and the inhibition of such privilege, when the purpose is speculative, or from idle curiosity, is the exception.

The judgment of the Circuit Court is reversed, and a judgment here rendered, quashing the relation, and dismissing the suit at the cost of relators, in the court below and in this court.

Reversed and rendered.