# CHARLESTON.

STATE *ex rel.* CLARK *v.* LONG, *et al.*

Submitted June 13, 1892.—Decided December 10, 1892.

1. MANDAMUS—PRACTICE.

     The practice in this State in *mandamus* is generally to issue the alternative writ on filing the petition without any rule to show cause why it should not issue. Immediately on the filing of the petition, if a *prima facie* case is thereby made out, an alternative writ of *mandamus* may be issued.

2. MANDAMUS—PRACTICE.

     The alternative writ should run in the name of the State, and, properly speaking, the case should be entitled, "The State at the relation of (the petitioner) against (the respondent;)" but the

practice prevails in this State of entitling the cause in the name of the relator as plaintiff against the respondent as defendant.

3. MANDAMUS—DISCONTINUANCE—PRACTICE.

If the relator has embraced too many persons in his alternative writ, there is no error in permitting him before the trial to enter a discontinuance as to one or more and to proceed against the remainder.

4. CLERK OF COUNTY COURT—FEES—RECORDS—PUBLIC PAPERS.

The clerk of the County Court can not refuse to permit any person to have access to and inspect the public papers and records in his custody and office as clerk on the ground that no fee has been paid him for such inspection. Neither can he charge any fee, unless he makes a search for a matter of over one year's standing, or is required to make out a copy.

5. CLERK OF COUNTY COURT—FEES—RECORDS—PUBLIC PAPERS.

The records and papers of every County Court clerk's office in this State are open to the inspection of any person; and the clerk can not charge a fee for such inspection, and can only charge for searches made by himself at request, as above specified.

*M. M. Thompson* and *Edwin Maxwell*, for plaintiff in error.

*W. Scott*, for defendant in error.

LUCAS, PRESIDENT:

Arthur H. Clark petitioned the judge of the Circuit Court of Harrison county for a writ of *mandamus* against the County Court of Harrison and P. M. Long, clerk thereof, to compel them to permit the petitioner to have access to the records and papers of said clerk's office, and to see and inspect the same. In pursuance of the petition a rule was awarded against the respondents, commanding them to appear before the judge at the court-house in Morgantown on the 25th February, 1891, in vacation. This so-called rule is as follows:

"State of West Virginia, Harrison county—ss.

"In vacation. In the office of the clerk of the Circuit Court for the county aforesaid. Monday, February 23, 1891.

"Order.

"In the Circuit Court of Harrison county.

"Arthur H. Clark *v.* The County Court of Harrison County and P. M. Long, Clerk of the County Court of

Harrison County. Upon an application for a writ of *mandamus*. The plaintiff, Arthur H. Clark, having this day applied to the judge of the Circuit Court of Harrison county, in vacation, for a writ of *mandamus* to compel the defendants to show cause, if any they can, why the said Arthur H. Clark, as a person, and as a commissioner of accounts of said county, and as a citizen of said county, shall not be permitted to see and inspect and have access to the records of said county, now in the custody of the said County Court through its clerk, and in the office of the clerk of said County Court, it is ordered that said County Court and said P. M. Long, clerk thereof as aforesaid, do appear before the judge of this Court at the court-house of Monongalia county, in Morgantown, W. Va., on the 26th day of February, 1891, in vacation, and show cause, if any they can, why said Arthur H. Clark shall not be permitted to inspect said records and papers and have access to the same, and why a peremptory writ of *mandamus* shall not issue, commanding them to permit said Clark to see and inspect and have access to said records and papers as aforesaid, and that each of said defendants be served with a copy of this order.

"Done in vacation, February 23, 1891.

"J. M. HAGANS,
"Judge Circuit Court of Harrison county, W. Va.

"To Henry Haymond, Esq., clerk Circuit Court, Harrison county, W. Va.

"Attest: HENRY HAYMOND, Clerk."

P. M. Long answered the rule and the answer narrowed the issue down to this point: Had the clerk, as the officer having legal custody of said records and papers, a right to demand payment of his fees or any fees for permitting the petitioner to have access to and inspect said public papers and records in his office? This question the Circuit Court answered in the negative, overruled the respondents' motion to quash the writ to show cause, and upon a final hearing sustained the relator's demurrer to the respondents' answer or return, and issued a peremptory *mandamus*. So far as the County Court was concerned, the petitioner abandoned the proceeding, and it was abated as to said County Court, and

proceeded in against the clerk alone.   The language of the final order is as follows:

"It further appearing to the court that while the said P. M. Long, clerk as aforesaid, has not denied complainant access to the records and papers of said County Court, under the supervision of said Long, as clerk aforesaid, as custodian of said records and papers, yet it further appearing to the court that said Long, as clerk aforesaid and custodian aforesaid, did refuse to permit said complainant to inspect said records, unless said complainant paid said Long, as clerk aforesaid, his legal fees for said inspection, and the court being of opinion that said Long, as clerk aforesaid, had no legal right to charge fees for inspecting the records of said court, but that said records are open to the inspection of any person, and it also appearing to the court that said complainant is a person, and has a legal right to inspect said records, the complainant's demurrer to the answer of said P. M. Long, clerk as aforesaid, is sustained, and the defendant, P. M. Long, clerk as aforesaid, not answering further, therefore it is considered by the court that a peremptory writ of *mandamus* be awarded, directed to said P. M. Long, clerk as aforesaid, commanding him to permit the complainant, Arthur II. Clark, to inspect all and singularly the records of the office of the clerk of the County Court of Harrison county in the custody of said Long, as clerk aforesaid, and to make, if said clerk so desires, memoranda from said records, without charge or fee of any kind, and that said P. M. Long pay the costs of this proceeding." *etc.*

Before proceeding to discuss the merits, we may dispose of some preliminary and technical questions and objections, which have been urged against the proceedings by counsel for the respondent.   It is objected that in this case there was no alternative writ or *mandamus nisi*, but a simple rule against the respondent.   This objection, I think, is not well taken.   At common law a rule was always issued as the primary step to inaugurate the proceedings, and this is still the practice in some states, but in this state it has not been deemed necessary.   High, Extr. Leg. Rem. (2d Ed.) § 503.

The practice is here, generally, to issue the alternative writ on filing the petition, without any rule to show cause why it should not issue. Mos. Mand. 239. This practice is directly sanctioned by the decision of this Court in the case of *Fisher* v. *City of Charleston*, 17 W. Va. 595, in which it is held: "The court may, and usually does, dispense with the issuing a rule to show cause why *mandamus* should not issue, and immediately on the filing the petition, if a *prima facie* case is thereby made out, orders an alternative writ of *mandamus* to be issued."

In the present case neither the judge nor the Circuit Court designated the order which issued on presentation of the petition as a "rule," and it is in fact, though somewhat irregular in form, nothing more nor less than an alternative writ of *mandamus*. By examining it as copied heretofore in this opinion, it will be found a regular writ or order running in the name of the State, and commanding the respondents to show cause, if any they can, why the peremptory writ should not issue. This conclusion of the writ was informal and irregular, but special demurrers are now abolished; and it is sufficient if the writ, which is the complaint or declaration, contains sufficient matter of substance to enable the court to give judgment according to the right of the case.

A more formal conclusion of the writ would be as follows: "Now, therefore, we, being willing that ample and speedy justice should be done in the premises, do demand that you (here insert order) or that you appear before us, *etc.* (here insert time and place of return) to show cause why you refuse to do so." The writ should run in the name of the State, and the case should be entitled: "The State at the relation of A. H. Clark, *etc. vs.* P. M. Long, Clerk," *etc.* See *State* v. *County Court*, 33 W. Va. 589 (11 S. E. Rep. 72).

It must be admitted, however, that in this State the practice seems to prevail of entitling the cause in the name of the relator as plaintiff against the respondent as defendant. See *Satterlee* v. *Strider*, 31 W. Va. 781 (8 S. E. Rep. 552); *Doolittle* v. *County Court*, 28 W. Va. 158; *Poteet* v. *Commissioners*, 30 W. Va. 58 (3 S. E. Rep. 97); *Goff* v. *Wilson*, 32

W. Va. 393 (9 S. E. Rep. 26) ; *Cummings* v. *Armstrong,* 34
W. Va. 1 (11 S. E. Rep. 742). For the reasons assigned,
therefore, we think the alternative writ in this case was
sufficient in form.

There was no error in permitting the relator to dismiss
the case against the County Court. The proceedings are
to be conducted as in ordinary actions at common-law af-
ter an issue has been reached, and in such actions, where a
wrong is complained of, it is always in the power of the
plaintiff to discontinue his suit as to one or more defend-
ants, and proceed in it against the remainder.

Having thus disposed of the preliminary questions, we
come now to the merits. Can the clerk of the County
Court refuse to permit any person to have access to and ex-
amine and inspect the public papers and records in his cus-
tody and office, as clerk, until and unless a fee is paid him
for the same? Section 5, c. 117, p. 781, Code 1891, pro-
vides : "The records and papers of every court shall be
open to the inspection of any person, and the clerk shall,
when required, furnish copies thereof, except in cases where
it is otherwise specially provided." Chapter 137 of the
Code treats of fees of officers, and in the most elaborate and
detailed manner specifies every particular service to be per-
formed by the county clerk, for which he may make a
charge, and the amount of such charge. On page 864 of
said chapter we find the following allowance : "For a
search for anything in his office over a year's standing,
twenty five cents." Also, "For any copy, if it be not oth-
erwise provided for, three cents for every thirty words, or
in lieu thereof, if the clerk elect, a specific fee of thirty five
cents."

It would seem, therefore, that under the provisions of our
Code, if the clerk himself is requested to make a search,
and the matter be of over one year's standing, he may
charge twenty five cents, or, if he make out a copy, he may
charge three cents for every thirty words, or a round sum
of thirty five cents, at his election. Upon the other hand,
it is equally clear that any person interested is at liberty to
inspect the records and papers in the clerk's office whenever
he desires to do so. Counsel for plaintiff in error has sup-

posed that possibly the act of 1875, c. 100, was still in force. It is not necessary to inquire whether such is the case, since that act only prohibits the clerk from charging any fee for a search where he furnishes a copy, and is paid for such copy. Upon the whole, the judgment complained of must be affirmed.

AFFIRMED.