## LAND TITLE WARRANTY AND SAFE DEPOSIT COMPANY *v.* TANNER.

### BLACK *v.* TANNER.

1. The decision of this court in the case of *Buck & Spencer* v. *Collins,* 51 *Ga.* 391, upon a review thereof, is affirmed.
2. Under the law as there laid down, an attorney at law has not—either in his own right, or in behalf of a corporation represented by him—the right, against the consent of the clerk of the superior court and without paying his fees, to make copies of or abstracts from the books of record in his office for the purpose of compiling abstracts of titles to be used in a private abstract and land title business carried on by such attorney or corporation.    The right to inspect public records, provided for in section 14 of the code, was not intended to embrace such a privilege.
3. Even if the special act of February 25th, 1876 (Acts of 1876, pp. 397, 398), "to grant to R. C. Mitchell & Co. certain privileges in making an abstract of the records of deeds and mortgages in the county of Fulton," can be construed as extending the grant of such privileges to "their successors and assigns" (the words last quoted being in the body, but not in the title, of the act); and even if this act was so amended by the act of September 13th, 1881 (Acts of 1880-1, pp. 663, 664), as to substitute for the word "rights," in the sixth line of the second section of the former act, the word "duties," the act as amended is incapable of enforcement, for the reason that the enjoyment of the special

privileges granted is expressly limited to such time "as may be necessary to complete the work now commenced by said firm," and the act fails to disclose what is the "work" so commenced, or in the slightest degree to indicate when it is to be completed.

4. In no event can the provisions of the act be so construed as to extend their operation to records not in existence at the time of its passage; and consequently it cannot confer any right of making, for the purpose above stated, abstracts from records made in or after the year 1881.

August 3, 1896.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1896.

The Land Title Warranty & Safe Deposit Co. brought its petition against G. H. Tanner, to which the defendant demurred generally. The demurrer was sustained, and plaintiff excepted.

The petition alleged: On March 30, 1887, petitioner was incorporated under the laws of Georgia, with the following among other powers and rights: To furnish abstracts of title to realty in Georgia, the purpose being to furnish to intending purchasers, borrowers and others having legal and proper interest in the question, correct and complete abstracts of title to all classes of realty. Also, to guarantee, for the consideration to be paid to it by whoever desired it, the legal validity and correctness of titles abstracted by petitioner. It is to the interest of all persons contemplating loans, sales or other transactions affecting realty to have great promptness and accuracy in the furnishing of abstracts, and also to have insurance of the legal sufficiency of titles guaranteed by some person or corporation which has ample capital and which renders property easily marketable and capable of prompt transfer. These things petitioner undertakes to do by its abstracts and guarantees. The abstracts and other informations obtained for this purpose are kept by it securely locked in vaults. Its information is not furnished to the public generally, but only to persons who pay for it as

patrons in the course of business transactions, where the information is such as they are entitled to have and is proper for the management of real estate transactions.  Petitioner is the owner and in possession of complete abstracts of all the titles to realty in Fulton county up to and including 1887.  Fulton was once a part of DeKalb county, and petitioner has abstracts of the records prior to the formation of Fulton county affecting realty in Fulton. So that down to and including 1887 it is able to furnish complete abstracts of all property and records affecting title thereto situated in Fulton county.  For a considerable time after petitioner was organized and began business it was allowed by the clerk of Fulton superior court to abstract all records pertaining to realty in his office.  It is vitally essential to its business that it continue to have this opportunity, in order to keep up with changes in ownership, creation of liens, etc., affecting titles to realty in Fulton county.  To prohibit it the exercise of this act causes it pecuniary loss, which, while it has not accurate means of ascertaining, it charges to be at least $2,000 per annum. On January 25, 1896, petitioner, who had repeatedly endeavored, through its attorney W. H. Black, to obtain the privilege of making abstracts from G. H. Tanner without success, made through said Black a formal request for this privilege, in writing, copy of which is attached.  In response said Tanner then and there refused the application, saying to said Black, "Well, you just can't have it. Any other company will not be interfered with."  Petitioner offers, under the order and direction of the court, to comply with each and all of the terms and restrictions surrounding its said request.  Said Tanner, clerk, is the mere custodian of these books.  The only interest of the public in the question is to be enabled to obtain accurate and complete abstracts of the records in his office.  No fees are received by him from the public for this purpose, and if a fee should be received it is not paid into the pub-

lic treasury but becomes his individual property. His office is open to all except petitioner for making abstracts, copies or memoranda, as they may desire, and no special restrictions are thrown around the exercise of this right, and no custodian or overlooker is appointed or designated to watch the handling of the records, unless it may be said that one of his clerks, who spends his entire time copying papers in an office adjoining the general office of the clerk and who gives no part of his time to the care or custody of books in said office, is such custodian. Among others who exercise this privilege, under the circumstances, is the publisher of a daily paper called "Fulton County Daily Report," generally circulated among the legal and commercial classes in Fulton county. This paper covers all the proceedings of the courts of record in Fulton county, and all the deeds, mortgages, judgments and every other character of public record required to be kept by the clerk of the superior court. Its editor has complete access without charge to everything in the clerk's office necessary to the publication. The most complete publicity possible is thus given, not only to the permanent records in the county, but to everything transpiring in the courts of record. Copy of this publication is attached. Petitioner is the successor and assignee of R. C. Mitchell & Company, and as such has a right to the privileges mentioned and specified in the act approved February 25, 1876, which act is incorporated in the exhibit attached to the petition. Nevertheless Tanner when applied to refused to give it the privi-leges allowed by said act. Tanner is clerk of Fulton superior court and custodian of the books and records it desires to abstract, and is and was the proper person to apply to to make such abstracts, and before whom to submit the offer mentioned in this petition; and upon his refusal to allow it to do so, it is entirely remediless unless it can have the interposition of the court for obtaining such privileges. Petitioner prays that Tanner, individually and as clerk, be

restrained from interfering with or obstructing it in the right to make such abstracts; and that a *mandamus* issue directing and requiring him to afford it all proper facilities, under such restrictions as the court may deem right, to examine, take copies, make abstracts, and do all such things as may be necessary and proper in carrying out the business herein contended for by it under its charter powers.

The written request, copy of which was attached, was dated January 24, 1896, was addressed to G. H. Tanner, clerk of the superior court, and was signed by W. H. Black, attorney for petitioner. It stated, in brief: I am a duly admitted attorney at law and thereby an officer of this court, and as such have been employed by the Land Title Warranty & Safe Deposit Co., to make set of abstracts to complete the system started by them. Said company, which was chartered by the superior court of Fulton county and given the power to make abstracts, has paid in, for the purpose of getting up an abstract system for Fulton county, about $75,000, which has been expended by it, and its system is not yet complete to-day. Unless permitted by you to abstract certain records of the superior and other courts of this county without charge, said company will be greatly damaged. From its formation in 1887 to the present it has never been refused the privilege of making abstracts from the county records, but is now informed by letter from you to me that you claim you (individually) are entitled to and will charge $1.50 for each page abstracted, or $1,200 for each book copied or abstracted by us. As the company might desire to abstract 50,000 pages of the records of your office, this would cost us $75,000, besides the clerical expense of the force employed to do the actual work, which $75,000 would be received by you individually for your services as custodian of these records. As our concern is only chartered for $100,000 and about $35,000 of that has already been paid up, it would

more than exhaust the balance of our capital stock to pay your fees, and would leave us nothing to operate on. If your view of the matter is correct, that is an end of the abstract and title business in Georgia, because the returns from the companies in Georgia, where the abstract idea is yet in its infancy, will not warrant such enormous expenditure of money. The Land Title W. & S. Deposit Co., the purchaser of its plant from R. C. Mitchell & Co., is authorized by special act of the legislature, copy of which is attached, to copy the records to complete the set of abstracts in Fulton county, free. In its behalf I request that you permit me and my assistants (who shall be members of the bar and thereby officers of this court, if you prefer) to make abstracts of the records of the clerk's office free of charge, during office hours, as provided in section 14, chapter 1 of the code. I offer on behalf of said company to give you bond in the American Surety Co. (the largest and most responsible company in existence, with a capital of $2,500,000 and surplus of some $2,000,000 more, whose bonds are now accepted by you in your court) in $10,000, to guarantee you against the mutilation or destruction of the records employed by us. Further, to pay for said company $50 per month, said sum, or so much thereof as necessary, to be employed by you in paying the salary of a special custodian to look after and watch the records we are using, to see that no alteration or damage occurs to them while in our possession. If allowed to make the abstracts referred to, I will not through myself or assistants in any sense monopolize the use of the records or attempt to do so, but we will give way at all times to any authorized person who may *bona fide* wish to consult the books. We further agree, if you so desire, not to use pen and ink for copying, but in order to insure perfect neatness, will only employ pencils in the work. In behalf of the company, I further represent that in addition to the special act allowing us to copy the records, and said

code section, we are entitled to the privilege as a matter of common law right. There are now in your record room engaged in making abstracts and collecting *data* to be used by them in making abstracts in future, without hinderance from you, seven men, some of them attorneys and thereby officers of the court, and some not such officers, and I feel I have the same right, especially as you permit the "Daily Report" to abstract each day the entire proceedings of the day before from your official records, and in view of the fact that until this time such has been the universal custom of your office, and that if I should be refused the privilege above requested the county would derive no benefit from the revenue I would be required to pay, but it would go to you individually. In addition to the safeguards mentioned above, the code makes tampering with a public record a crime punishable by imprisonment, etc. If in addition to all this you are still apprehensive of the safety of the records, which is far greater protection than they now have under the system in vogue at the record room, the fact that it is vitally to the interest of the Land Title W. & S. D. Co. as well as yours to see that they are preserved absolutely intact, should be sufficient guaranty that they would be unmolested by me or my assistants. Your contention that you are entitled to charge $1.50 for every page abstracted is not borne out by the code fee bill, which provides a fee of $1.50 for "examination of record and abstract of result," meaning where the work is to be done by you or your clerks, and not where it is all to be done by me or my assistants. That this is true is proved by the fact that in another part of the fee bill a charge of twenty-five cents is allowed for examination of the records where the "aid of the clerk is required." We require no aid from you, and therefore you would not even be entitled that much. Probably half or more of the records we desire to copy were made by your predecessors in office. Certainly you cannot claim that these

entitle you to charge $1.50 for every page abstracted, where all the work is done by me and my assistants. Your office is at times crowded with persons making abstracts, and if the city continues to grow and real estate transfers to increase, it will be necessary for many more men to occupy your office daily than at present. If you permit the Land Title W. & S. D. Co. to abstract your records, the public will give some portions of its work to it and relieve the pressure on your office. It is important that there should be an extra copy of the county records, because if fire should occur in the court-house by which the records should become lost, there would be no other copies in existence at present. The entire records of Chicago would have been lost by the great fire, had it not been that an abstract company had been permitted to copy or abstract the records. The records kept by you are continually accumulating, and in a few years no first-class lawyer can afford, for the small compensation paid, to examine titles where the amount involved is but little; while an abstract company with a complete system of records can perform the labor in so much shorter time than an attorney that it will be able to do the work at far less cost. If we are not allowed the privilege asked it will entail heavy loss on our company. As soon as we get the privilege we will employ a sufficient force to complete the records, give the city and county a complete system of abstracts, begin to guarantee titles, enable the borrowers of Atlanta to place loans readily, and command money at low rates of interest, etc. I will thank you for a written reply as early as possible, that I may know just what your position is.

*W. H. & E. R. Black* and *Glenn & Rountree*, for plaintiffs. *Payne & Tye*, for defendant.

ATKINSON, Justice.

1. When this case came on to be heard, counsel for plaintiffs in error asked permission to review the decision of

this court in the case of *Buck & Spencer* v. *Collins*, 51 *Ga.* 391, and moved to overrule the principle of that decision. Leave was granted as prayed, but upon a careful examination of that decision, and the reasoning upon which it proceeds, the motion to overrule it is denied, and the principle announced in that case is reaffirmed.

2, 3, 4. The doctrine of that case is controlling upon the questions made in this, except in so far as plaintiffs in error predicate a right to the relief sought upon an act of the General Assembly passed subsequent to its rendition; and we will therefore proceed to inquire how far and to what extent the act in question confers upon these complainants the right sought to be exercised by them. The act to which we refer was approved February 25, 1876, and was entitled, "An act to grant to R. C. Mitchell & Co. certain privileges in making an abstract of the records of deeds and mortgages in the county of Fulton." (Acts 1876, p. 397.) It was subsequently amended by an act approved September 13th, 1881 (Acts of 1880-1881, p. 663), which amending act was entitled, "An act to amend an act entitled, 'An act to grant to R. C. Mitchell & Co. certain privileges in making an abstract of the records of deeds and mortgages in the county of Fulton." It provided: "Section 1. That, from and after the passage of this act, R. C. Mitchell, F. D. Rice, and James D. Collins, composing the firm of R. C. Mitchell & Co., and their successors and assigns, shall have the privilege of making and taking an abstract of the records of deeds and mortgages in the clerk's office of the superior court of said county, or in such other office of said county where said deeds or mortgages are, or may hereafter be, required to be recorded. Section 2. That said firm of R. C. Mitchell & Co., and their successors and assigns, shall have permission to make such examinations and abstracts as may be necessary to complete the work now commenced by said firm; *provided, nevertheless*, that nothing herein contained shall

be construed to give them the right to interfere with the rights of the present or any future clerk, or to remove or take any book or books, as may be required by him to keep said record, out of the clerk's office or such other office. Section 3. That all laws in conflict with this act are hereby repealed."

The plaintiffs in error claim, as the assignees of the firm of R. C. Mitchell & Co., the right to the enjoyment of all the privileges conferred upon that company by that act. It occurs to us that the plaintiffs in the present case encounter one insuperable difficulty in the assertion of that right.    The title to that act purported to extend a certain privilege therein granted to R. C. Mitchell & Co.    It was personal to that copartnership, and in so far as by the body of the act it is sought to authorize an assignment of this privilege to another, the act contravenes that provision of the constitution which prohibits the passage of an act which contains matter variant from that expressed in its title. According to the title of the act, the projected legislation was confined in its scope to the grant of the special privilege to these particular persons.    By the body of the act, it is sought to authorize the assignment of these privileges to others, but even if this construction of the act were incorrect, it is still impossible to determine from its terms the extent of the privilege which was granted.    The enjoyment of this privilege was expressly limited, by the terms of the act, to such time "as may be necessary to complete the work now commenced by said firm," and the act discloses neither the character of work which was in process of completion at the time of the passage of the act, nor does it indicate within what time it is to be completed. So that the plaintiffs in error claiming under the act, even if it be constitutional, must show, in order to entitle them to the enjoyment of the special privilege granted by the act, that the enjoyment of that privilege at this time is necessary to the completion of the work commenced by

that firm at the time of the passage of the act. Statutes granting special privileges to individuals are to be strictly construed, nor are they to be extended by implication beyond the express provisions of the law granting them. This being true, the provisions of the act in question can in no event be so construed as to extend their operation to records not in existence at the time of its passage, and consequently it cannot confer any right of making, for the purpose above stated, abstracts of records made in or after 1881. We find no error in the ruling of the circuit judge sustaining the demurrer to the plaintiffs' petition.

*Judgment affirmed.*