[Civ. No. 1033. First Appellate District.—September 20, 1912.]

C. D. HARRISON, Respondent, v. JAMES E. POWERS et al., Constituting the Board of Education of the City and County of San Francisco, Appellants.

PUBLIC WRITINGS—SCHOOL CENSUS REPORTS—RIGHT OF CITIZEN TO IN-SPECT AND COPY—SALE OF BOOKS TO SCHOOL CHILDREN—MANDAMUS TO BOARD OF EDUCATION.—Under section 1892 of the Code of Civil Procedure, providing that "Every citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise provided by law," construed in connection with section 1894 of the same code, classifying "public writings," as including "official documents," a citizen has the right to inspect and copy the census reports of school children kept in the office of the board of education of the city and county of San Francisco, though his object is to sell books to such school children; and *mandamus* will lie in his favor to compel such board of education to allow such inspection and copy.

ID.—GENERAL RULE ALLOWING ENFORCEMENT OF STATUTORY RIGHT.—It is a general rule, well established by authority, that where a statute expressly confers the right upon a citizen to inspect or to copy a public record, and he seeks to exercise said right for no unlawful or scandalous purpose, but in aid of a lawful, though private, business, the statutory right may not be denied him by the officer having the custody of the public record, and if denied by such officer will be enforced by the appropriate action of the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, enforcing a writ of mandate. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney of the City and County of San Francisco, and J. F. English, Assistant City Attorney, for Appellants.

P. L. Benjamin, for Respondent.

HALL, J.—Plaintiff, a citizen of this state, filed a petition in the superior court praying for a writ of mandate to compel the defendants to permit him to inspect and make a copy of the census reports of school children in the official custody of

defendants, and which privilege or right the defendants had denied to plaintiff.

Defendants demurred to plaintiff's petition, and at the same time filed an answer, affirmatively setting up substantially that plaintiff's only purpose in seeking to inspect and copy such reports was that he might use the information thus obtained in canvassing for the sale to school children of certain books in which he was interested. The court overruled defendants' demurrer, and sustained plaintiff's demurrer to defendants' answer, and gave judgment that the writ issue as prayed for.

From this judgment defendants appealed to this court.

Section 1892 of the Code of Civil Procedure of this state provides that "Every citizen has a right to inspect and take a copy of any public writing of this state except as otherwise expressly provided by statute."

Section 1894 of the same code provides that "Public writings are divided into four classes: '1. Laws; 2. Judicial records; 3. Other official documents; 4. Public records, kept in this state, of private writings.' "

It is not contended by appellant that the census reports in question are not official documents. It is conceded that they are. It is not contended that they are such documents or public writings as are by any statute of this state expressly or at all exempted from the general language of section 1892, Code of Civil Procedure, above quoted. It is, however, contended by appellants that plaintiff may not enforce, by the writ of mandate, the right given him by the express language of the statute, because his purpose is to use the information he may obtain from the exercise of such right in his private business.

The decisions of the courts of last resort in this country are to the contrary. That is to say, where the statute expressly confers the right upon the citizen to inspect or to copy a public record, and he seeks to exercise such right for no unlawful or scandalous purpose, but in aid of a lawful though private business, the statutory right may not be denied him by the officer having the custody of the public record, and if denied by the officer, will be enforced by the appropriate action of the court. To this effect may be cited the following authorities: *Burton* v. *Tuite*, 78 Mich. 363, [7 L. R. A. 73, 44

N. W. 282] ; *Hanson* v. *Eichstaedt,* 69 Wis. 538, [35 N. W. 30] ; *West Jersey Title & Guaranty Co.* v. *Barber,* 49 N. J. Eq. 474, [24 Atl. 381] ; *Nash* v. *Lathrop,* 142 Mass. 29, [6 N. E. 559] ; *State* v. *McMillan,* 49 Fla. 243, [6 Am. & Eng. Ann. Cas. 537, 38 South. 666] ; *People* v. *Richards,* 99 N. Y. 620, [1 N. E. 258] ; *Kalamazoo Gazette Co.* v. *Vosburg,* 148 Mich. 460, [111 N. W. 1070] ; *State* v. *Ellsworth,* 61 Neb. 444, [85 N. W. 439] ; *State* v. *Rachac,* 37 Minn. 372, [35 N. W. 7] ; *State* v. *Long,* 37 W. Va. 266, [16 S. E. 578] ; and *Boyden* v. *Burke,* 14 How. (55 U. S.) 575, [14 L. Ed. 548].

In several of the cases above cited the action was by title insurance companies, where the information sought and the abstracts from the records were for the use of the plaintiff in aid of its general business. The case at bar comes clearly within the rule sustained by the above authorities.

In the case of *Colnon* v. *Orr,* 71 Cal. 43, [11 Pac. 814], cited by appellant, it was decided that the document involved was not a public record. What was there said about the want of a beneficial interest in the petitioner has no application to a case, such as is the case at bar, where the right is sought in aid of the lawful business of the applicant.

In none of the other cases cited by appellant (*Buck* v. *Collins,* 51 Ga. 391, [21 Am. Rep. 236] ; *Land Title Warranty Co.* v. *Tanner,* 99 Ga. 470, [27 S. E. 727] ; *Cormack* v. *Wolcott,* 37 Kan. 391, [15 Pac. 245], and *Bean* v. *People,* 7 Colo. 200, [2 Pac. 909]), was the privilege sought to be enforced expressly or at all given by the statute. In each case the petitioner was seeking something more than was given him by the statute, and such cases are not in point.

The judgment of the trial court is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.