WATKINS *et al.* v. TIFT *et al.,* commissioners; *et vice versa.*

ATKINSON, J. It is declared by statute: "Except as provided in sections 416, 417, and 418 of the Civil Code, the grand jury may, when they deem it necessary, appoint any one or more citizens of the county, to inspect and examine, during vacation, the offices, papers, books, records, accounts, and vouchers of the court of ordinary for county purposes, clerk of the superior court, county treasurer, tax-collector, tax-receiver, county school commissioner, sheriff, and all other county officers; and if any of said officers be the custodians of county funds by virtue of their office, or have in their possession funds belonging td the county, they shall exhibit them to said committee, and it shall be the duty of the committee to count the same, and to make a full and complete report of the finances, disbursements, and conditions of the several offices to the grand jury at the succeeding term of the superior court; and should any of said officers fail or refuse to exhibit to the committee the funds on hand or claimed by them to be on hand, upon notice of that fact to the judge of the superior court by the committee it shall be his duty to compel the delivery of the funds to the committee for the purpose of counting the same, by mandamus or attachment." Penal Code, § 841. "The person or persons so appointed to inspect and examine shall have power to take full control of the offices, papers, books, records, accounts, and vouchers of the several different offices, to compel the attendance of witnesses, hear evidence in regard to fraud, and the non-performance of official

duty, and the improper disbursement of the county funds." § 842. "If any of such officers refuses to produce the papers, books, records, accounts, and vouchers, it shall be the duty of the judge of the superior court of the county, upon evidence being adduced, to enforce the provisions of this and the two sections that precede it, by mandamus or attachment, as the case may require." § 843. *Held:* 1. This law contemplates services by resident individuals composing committees appointed by grand juries, and compensation for such services, and, considered in connection with the Civil Code, § 4872, which provides: "Any contingent expenses incurred in holding any session of the superior court, including lights, fuel, stationery, rent, publication of grand-jury presentments when ordered published, and similar items, such as taking down testimony in cases of felony, etc., shall be paid out of the county treasury of such county, upon the certificate of the judge of the' superior court, and without further order," authorizes payment by the county of compensation for such services of the committee by order of the court as a part of the expenses of the court. *Chatham County* v. *Gaudry*, 120 *Ga.* 121 (47 S. E. 634). But such laws do not confer power upon the grand jury or the court to employ expert accountants, whose compensation is to be paid out of the county treasury, to render services under direction of the committee in performing the duties imposed upon that body. *Freeney* v. *Geoghegan*, 177 *Ga.* 142 (169 S. E. 882), and cit.

(*a*) Where services are so rendered by expert accountants employed as indicated above, and an account for compensation is rendered, the court is without authority, upon legal or equitable principles, to authorize payment of compensation out of the county treasury, generally or as expenses of court.

(*b*) The case does not fall within the provisions of the Civil Code, §§ 416, 417, applicable in a county having within its territory a city of more than eighty-five thousand population, and relating to appointment of auditors in such counties by the board of commissioners of roads and revenues of the counties; nor does it fall within the provisions of the Civil Code, § 418, applicable in other counties than as above indicated, authorizing the ordinary or commissioners of roads and revenues to employ expert accountants.

2. Applying the foregoing principles, the judge did not err in sustaining the demurrer and dismissing the action in so far as related to the claim for compensation in behalf of the expert accountants.

3. It is stated in the order of the court that the items of compensation for individual services of the committeemen was approved and ordered paid by the court. It is not insisted in the brief of the attorneys for the plaintiff in error that this does not dispose of and eliminate from further consideration so much of the case as relates to the individual services of the committeemen.

*Judgment affirmed on the main bill of exceptions in Cases 9309 and 9310; cross-bill dismissed. Judgment affirmed in Case 9320. All the Justices concur.*

Nos. 9309, 9310, 9320. SEPTEMBER 14, 1933.

*Bennet & Peacock,* for plaintiffs.
*.Pottle, Farkas & Cobb,* for defendants.