GRIZZARD *et al. v.* STATE REVENUE COMMISSION *et al.*

No. 9769.   November 11, 1933.

*Noah J. Stone, John L. Cone,* and *John F. Echols,* for plaintiffs.

*M. J. Yeomans, attorney-general, B. D. Murphy* and *John T. Goree, assistant attorneys-general,* for defendants.

HILL, J. (After stating the foregoing facts.) The legislature of Georgia in 1929 passed the following preamble and resolution: "Whereas there is a great demand for a list of all the automobile owners of the State, and considerable revenue may be derived by the State from the sale of the list of such owners: Therefore be it resolved by the House, and the Senate concurring, that the Motor-Vehicle Commissioner of the State be and he is hereby authorized and required to sell said list to the best advantage of the State, and that he be further authorized and required to charge for all reports furnished in regard to the license-numbers and motor-numbers on file in his office. That this resolution does not prevent giving information to the peace officers of the State. That all revenue raised hereunder shall be accounted for as other fees paid in said office." From an inspection of the original resolution in the office of the Secretary of State of Georgia, it appears that the foregoing preamble and resolution originated in the House of Representatives, and was read on three separate days in both the House of Representatives and in the Senate of Georgia, and was passed by the requisite majority in each branch, and was approved and signed by the Governor of the State on August 27, 1929. It is contended by the plaintiffs that the resolution is unconstitutional and void, for the reason that it has no caption and was not passed in conformity to law in such cases made and provided. It is evident from reading the resolution that it was intended as a revenue measure; and while the resolution has not a formal caption as precedes an act of the legislature, yet the preamble was in substance a caption and the resolution was introduced in the House of Representatives as required by the constitution of the State (Civil Code, § 6439), and as required of all revenue bills. The resolution provides for a charge for all reports furnished in regard to the license numbers and motor numbers on file in the office of the Motor Vehicle Commissioner of the State; and it is also provided that "all revenue raised

hereunder shall be accounted for as other fees paid in said office." To all intents and purposes, therefore, the preamble and resolution was intended to have, and did have, the effect of a revenue law and is not unconstitutional for the reasons urged.

Under this resolution, which has the effect of a revenue law, it was the legislative intent that those desiring information from this office should obtain it only in the manner provided by this resolution, and the plaintiffs do not show that they have made any effort to obtain the right in the manner prescribed. Furthermore, in the Civil Code (1910), § 14, it is provided only that the "books" kept by any public officer under the laws of this State shall be subject to inspection by the citizens; and the records and files which the plaintiff claims the right to inspect do not constitute books within the meaning of this section. It follows that the court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

Russell, C. J., and Atkinson and Gilbert, JJ., concur in the judgment.

Gilbert, J., concurring specially. Construing paragraph 8 of the original petition and the amendment to paragraph 12 most strongly against the pleader, as is the recognized rule, the suit is intended to maintain the right of petitioners to inspect the books and records of a public officer for commercial purposes. It is clear that the inspection is not desired merely for private or individual purposes. Thus construed, I concur in the judgment rendered by this court, but not in all that is said in the opinion. I can not concur in that portion of the opinion which states that the resolution adopted by the General Assembly in 1929, quoted in the opinion, has the same force and effect as a statute. Nor that the preamble or "whereas" is equivalent to the caption of a bill, thus rendering the resolution the equivalent of an act. Nor in the view that the resolution is equivalent to an act, because it was read three times in the House and Senate. It is to be noted also that the resolution has no repealing clause. I can not concur in the view that the resolution (especially in view of the fact that it does not purport to repeal conflicting laws) has any effect upon section 14 of the Civil Code, which is as follows: "All books kept by any public officer under the laws of this State shall be subject to the inspection of all the citizens of this State, within office hours, every

day except Sundays and holidays." Moreover, I can not concur in the view that the meaning of section 14, just quoted, should be restricted to the narrow meaning given in the opinion. The words "books" as used in that section, to have any substantial effect, must mean public records, whether they are bound in book form or are merely loose-leaf records. The Code section was adopted many years ago, 1831, at which time loose-leaf books and records were unknown.

The object of the section clearly was to maintain the right of the public to inspect the records of every public office. Of course this inspection must be reasonable. The public officer can only be required to produce his books and records for inspection of the citizen under reasonable regulations to be formulated by himself as to the conditions and the length of time under which individuals may inspect. The duty of the officer with respect to his books can not be unduly interfered with by persons who seek such inspection.