## 58716. IN RE THOMAS COUNTY COMMISSION.
## 58717. RICHTER v. THOMAS COUNTY COMMISSION

SMITH, Judge.

The Thomas County Commission appeals the order of the Thomas County Superior Court requiring it to pay $9,042. to Mr. Rudolph Fletcher, one of two accountants who comprised a citizens committee appointed by the Thomas County Grand Jury. Cross appellant, the other member of the citizens committee, appeals the refusal of the trial court to require the county commission to compensate him for his contribution to the citizens committee investigation. We affirm as to the main appeal. The cross appeal, however, must be dismissed.

In response to public allegations of wrongdoing on the part of school system officials, the Thomas County Grand Jury undertook an investigation of the Thomas County school system. A citizens committee composed of Mr. Fletcher and cross appellant was appointed by the grand jury to conduct an in-depth investigation of the financial records of the school system. The citizens committee devoted almost 500 hours to the investigation. Upon completion of the committee investigation, a bill for $16,351.50 was submitted to the grand jury. It is undisputed that Mr. Fletcher and cross appellant would have received approximately the same amount for the same number of hours in their accounting practice. The trial court found that the amount requested was reasonable compensation and entered an order requiring the Thomas County Commission to pay the citizens committee $16,351.50. The commission voted not to comply with the court order. After a new commission was elected, the court reissued the order. The commission again voted not to comply with the order. The court then issued an order directing the county commissioners to show cause why they were not in contempt for failure to obey the court order. After a hearing, the court vacated its prior order and substituted a new order requiring payment of $9,042 to Mr. Fletcher. The court denied payment to cross appellant on the ground that he was not a citizen of Thomas County and therefore could not serve on a citizens committee.

1. On the main appeal, the Thomas County Commission contends the lower court erred in entering the order requiring payment to Mr. Fletcher because he was not "appointed" by the grand jury, but was, in fact, "employed" or "hired" by the grand jury. The commission argues, citing *Watkins v. Tift,* 177 Ga. 640 (170 SE 918) (1933), that the grand jury does not have the legal authority to "employ" an accountant whose compensation is to be paid out of the county treasury. While we cannot disagree that the commission accurately states the holding of *Watkins,* supra, we reject the commission's assertion that the instant case falls within that holding. In our view, Mr. Fletcher was appointed to a citizens committee. See Code § 59-310. It does not follow from the

fact that Mr. Fletcher is an accountant that he was "employed" by the grand jury. To the contrary, "the law. . . evidently contemplates the appointment of persons peculiarly fitted for the important and responsible duties which they are called upon to discharge . . ." *Chatham County v. Gaudry,* 120 Ga. 121, 126 (47 SE 634) (1904). Nor does it follow from the fact that Mr. Fletcher was compensated at the same rate as he charged in his business that Mr. Fletcher was "employed" rather than "appointed" by the grand jury. The trial court was correct in concluding that Mr. Fletcher was appointed by the Thomas County grand jury. The only questions remaining are whether Mr. Fletcher is legally entitled to compensation for his services and, if so, whether compensation in the amount of $9,042 was reasonable. We must answer both questions in the affirmative.

There can be no doubt that an individual who investigates the books and records of county officials while serving on a citizens committee under Code § 59-310 is entitled to compensation for his services. As stated in *Chatham County v. Gaudry,* supra, "We apprehend that one, probably the main, object of the statute is to secure the services of experts for the examination of the books, papers, accounts, and vouchers of county officers, and that this salutary purpose would doubtless be defeated if the court were powerless to provide compensation for the services when rendered. To hold that persons appointed, but not compellable, to perform, for the public benefit, services of such a character are not entitled to compensation for rendering the services would, in our opinion, be equivalent to declaring the law a nullity. We think the law necessarily implies that the court may provide for the payment of reasonable compensation, from the county treasury, to citizens who, under its appointment, perform these services. We have reached this conclusion for the following reasons: (1) the law intends that, when necessary, the services of competent citizens shall be secured for this purpose; (2) as the appointees are not compelled to serve, and the character of the services to be performed are such that they are not likely to be performed without compensation, the law must contemplate compensation, if there is any general

provision under which it can be paid; (3) compensation for such services can be paid as part of the contingent expenses of the court." Id. at 126. See also *Freeney v. Geoghegan,* 177 Ga. 142, 148 (169 SE 882) (1933); Code § 24-3005.

Finally, we are in complete agreement with the trial court that the sum of $9,042 is reasonable compensation for the services rendered by Mr. Fletcher as a member of the citizens committee and is a proper charge against the county notwithstanding that it was computed on the basis of the customary hourly rate that Mr. Fletcher charges in his accounting practice. To deny compensation at a customary rate would, in effect, make it virtually impossible for a grand jury to conduct a searching investigation into the financial affairs of county officials.

2. Cross appellant's appeal must be dismissed because cross appellant was not a party to the proceeding below. *Samples v. Greene,* 138 Ga. App. 823, 827 (227 SE2d 456) (1976).

*Judgment affirmed in Case No. 58716. Appeal dismissed in Case No. 58717. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 18, 1979 — DECIDED
NOVEMBER 14, 1979.

*Ronald A. Cohen,* for appellant.
*H. Lamar Cole, District Attorney, Willard H. Chason,* for appellee.